IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Plaintiff,

v.                                                                          CASE NO. 1:22-cv-8-AW-GRJ

ALACHUA COUNTY SHERIFF et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* pretrial detainee Plaintiff's purported "class action" Complaint[1] brought pursuant to 42 U.S.C. § 1983, ECF No. 1, and Plaintiff's Motion to proceed *in forma pauperis* ("IFP motion"), ECF No. 2.[2] Upon screening and due consideration, the Court respectfully recommends that this case be dismissed with prejudice because Plaintiff, as a prisoner proceeding *pro se,* cannot bring a class action lawsuit. Further, even if he chose to pursue his claims individually, he cannot sue any of the named defendants under Section 1983 for the reasons discussed below.

---

[1] Plaintiff attempts to bring this class action lawsuit in the name of "2022 Alachua County Florida Class Action Lawsuit Organization LLC," but a review of the Florida Secretary of State's website reveals that this entity does not exist.

[2] Plaintiff's IFP Motion fails to include a financial certificate setting forth his prison account activity for the six months preceding the filing of this action (July 11, 2021-January 11, 2022).

## DISCUSSION

Plaintiff alleges that he and 500 other unnamed inmates of the Alachua County jail waived their right to a speedy trial "without their permission or under duress without proper legal representation, had their cases continued for at least 4 times, and have been pressured to accept a plea versus going to trial." ECF No. 1 at 15. In support of his unsworn allegations,[3] Plaintiff provides the Court with an article written by a guest columnist for a newspaper whose name has been redacted, citing Florida prison statistics from the year 2019. *Id*. at 17. For relief, Plaintiff seeks $500 million dollars in damages. *Id*. at 15.

As an initial matter, Plaintiff is precluded from joining with other inmate plaintiffs in this case. The law in the Eleventh Circuit expressly prohibits prisoners seeking to proceed *in forma pauperis* from joining together as plaintiffs in a single lawsuit. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). Each prisoner is required to file his own lawsuit and pay the full amount of the filing fee. Requiring each plaintiff to pay the full filing

---

[3] Plaintiff used the correct Civil Rights Complaint form for use by prisoners. Yet, his factual allegations are set forth in an exhibit rather than in the Statement of Facts section of the form in an apparent attempt to circumvent certifying the "foregoing" as true and correct under penalty of perjury. *See* ECF No. 1 at 5-6, 15.

fee is consistent with Congress' purpose of imposing costs on prisoners to deter frivolous suits. *Id*. at 1197-98.

Further, Plaintiff cannot initiate or maintain a class action as a *pro se* litigant. As a layman in the law, Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4); *Alverson v. Cummins*, 2009 WL 1138046 (M.D. Ala. Apr. 27, 2009). As the Eleventh Circuit has explained, "It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Wallace v. Smith*, 145 F. App'x. 300, 302 (11th Cir. 2005) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) and *citing Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972)).

And, even if Plaintiff wants to proceed with this case as an individual, as a matter of law he cannot sue any of the named defendants under Section 1983.[4] In his complaint Plaintiff attempts to sue twelve (12) state attorneys/public defenders, two (2) state court judges, the Alachua County Sheriff's Office, the Alachua County Sheriff, the U.S. Clerk of Court for the Northern District of Florida, the U.S. Department of Justice, the Attorney

---

[4] The Court previously informed Plaintiff about this problem in an order directing Plaintiff to amend his complaint in a Section 1983 case he filed earlier this month. *See James Ballard v. Alachua Cty. Sheriff, et al.*, Case No. 1:22-cv-2-AW-GRJ (Jan. 4, 2022 N.D. Fla.).

General of the United States, the Associated Press, the Advancement Project based in Los Angeles, California, the NAACP, and five (5) private individuals.

The Court will address Section 1983 liability as to each of the named defendants according to the following categories: (1) state attorneys, public defenders, and judges; (2) the Alachua County Sheriff's Office and the Sheriff; (3) federal agencies, attorneys, and officers; and (3) private organizations and individuals.

First, state attorneys, public defenders, and state court judges are entitled to absolute immunity. "The Supreme Court has interpreted § 1983 to give absolute immunity to functions intimately associated with the judicial phase of the criminal process." *Watson v. Fla. Judicial Qualifications Comm'n*, 746 F. App'x 821, 822 (11th Cir. 2018) (per curiam) (*citing Malley v. Briggs*, 475 U.S. 335, 342, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).  Consequently, Plaintiff cannot sue state attorneys Ashley Moody, Brian Kramer, Heather Jones, Sean Brewer, Lua Leplanka, or Brian Rodgers.  Plaintiff also cannot sue public defenders Stacy Scott, Bill Miller, Aubronce Martin, Matt Landsman, Daniel Muller, or Evan Gardiner. Plaintiff also is barred from suing Eighth Circuit Judge Phillip Pena or Richard Krieder.

4

Second, claims against the Alachua County Sheriff's Office are properly brought against the Sheriff in his official capacity. *Bethel v. Escambia Sheriff's Office*, No. 3:06-cv-70-RV-EMT, 2006 WL 3709621, at *1 (N.D. Fla. Dec. 14, 2006); *Oates v. Jackson Cty. Sheriff's Office*, No. 5:09-cv-303-RS-MD, 2010 WL 785657, at *2 (N.D. Fla. Mar. 4, 2010); *Smith v. Gadsden Cty. Sheriff's Office*, No. 4:11-cv-573-RH-CAS, 2012 WL 2428261, at *1 (N.D. Fla. May 29, 2012), *report and recommendation adopted by Smith v. Young*, No. 4:11-cv-573-RH-CAS, 2012 WL 2428222 (N.D. Fla. June 27, 2012). These cases recognize that, in Florida, a county's Sheriff's Office is not a legal entity that can be sued. For liability purposes in a Section 1983 action, a suit against a party in his or her official capacity is the same as a suit against the governmental entity that the individual employee represents. So, Plaintiff must sue the Sheriff in his official capacity.

The problem here is that Plaintiff only seeks monetary relief. He does not seek injunctive or declaratory relief. Consequently, Plaintiff's claims against Sheriff Clovis Watson must be dismissed. Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b)(2) (requiring dismissal of claims seeking monetary damages against defendant who is immune from such relief); *see also Tani v. Shelby Cty., Ala.*, 511 F. App'x 854, 857 (11th Cir.

2013) (per curiam) (holding that sheriff is immune from suit for damages under Section 1983 in his official capacity and affirming dismissal of such claims).

Third, federal entities are not subject to suit under Section 1983 because they are not state actors and under subject to sovereign immunity. Section 1983 does not contain an express waiver of sovereign immunity and thus does not provide a cause of action against the United States or federal employees acting in their official capacities. *McNiece v. Town of Yankeetown*, 817 F. App'x 842, 846 (11th Cir. 2020) (United States and United States Attorney acting in his official capacity are immune from Section 1983 liability). That means, Plaintiff cannot sue the United States Department of Justice or the Attorney General of the United States in his official capacity.

As for a *Bivens* claim against the Attorney General of the Clerk of this Court in their individual capacity, Plaintiff's complaint is devoid of any allegations of an act or omission committed personally by the Attorney General or the Clerk. Instead, it appears that Plaintiff seeks a judgment awarding damages due to alleged unconstitutional conduct of Alachua County employees. Consequently, Plaintiff cannot sue Attorney General

6

Merrick Garland or Clerk of Court Jessica Lyublanovits in their individual capacities under *Bivens*.

Finally, private actors generally cannot be sued under Section 1983. "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992).  Indeed, to hold that private parties are State actors, this court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive province of the state ("public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test"). *NBC, Inc. v. Communications Workers of America,* 860 F.2d 1022, 1026-27 (11th Cir.1988).  Plaintiff does not and cannot meet any of the three tests in this case with respect to the private organizations and individuals named in this lawsuit.

The NAACP is a 501(c)(3) nonprofit organization.  The Associated Press is a non-profit news agency, and its editor Ron Nixon is a private actor.  The Advancement Project is a multi-racial, multi-generational racial

justice organization organized under California law.  The five named individuals are George Lukasic, Ron Nixon, Dr. Linda Abies, Terry Silverman, Esq., and Robert Rush, Esq.  Except for Mr. Lukasic, Plaintiff makes no allegations whatsoever regarding these private actors let alone allegations sufficient to establish that any of them would be state actors under any of the three tests.

As for Mr. Lukasic, Plaintiff alleges that Mr. Lukasic "falsified a police report with intent to prosecute; created a false identity and used it with intent to harm; recorded phone conversations without consent felony; and perjury and contempt of court on 3 occasions." ECF No. 13-14.  None of these allegations plausibly state a Section 1983 claim against Mr. Lukasic. While arguably Plaintiff might be able to allege state law claims against Mr. Lukasic he cannot do so in this court but must pursue those claims in state court.

In sum, Plaintiff cannot bring a class action lawsuit as a prisoner proceeding *pro se* and, therefore, amending his complaint would be futile. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hall v. United States*, 367 F.3d 1255, 1263 (11th Cir. 2004) (district court may properly deny leave to amend when such amendment would be futile).

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that the Complaint, ECF No. 1, should be **DISMISSED with prejudice** for the reasons discussed above, and that Plaintiff's deficient IFP Motion, ECF No. 2 should be **DENIED**.

**IN CHAMBERS** this 18th day of January 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO PLAINTIFF

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>**

**If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, Plaintiff waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.